JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X     15 CV 6655 ERK-PK
BRUCE PARKER,

                                    Plaintiff,    **AMENDED**
                                                          **COMPLAINT**

                                - against -    **PLAINTIFF**
                                                          **DEMANDS A**
                                                          **TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER ANTHONY
BRUNO, TAX ID. 952503, POLICE OFFICER JOHN DOE,
SERGEANT EDWARD RUMMEL, TAX ID. 900026, SENIOR
PAROLE OFFICER CANDACE BENJAMIN, PAROLE
OFFICER MARGARET WALLACE,

                                      Defendants.


## PARTIES, JURISDICTION and VENUE

       1.     Plaintiff, BRUCE PARKER, is a 38 year old male, who, at all times relevant to this action, was a resident of Queens, New York.

       2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Queens County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

       3.     Upon information and belief, Defendant POLICE OFFICER ANTHONY BRUNO, was at all relevant times an officer employed by the NYPD.  All actions by BRUNO complained of herein were taken in the course of his employment and under

1

color of law.  BRUNO is being sued in both his individual and official capacities.

4. Upon information and belief, POLICE OFFICER JOHN DOE, a fictitious name of an unknown person, was at all relevant times a supervising officer employed by the NYPD.  All actions by DOE complained of herein were taken in the course of his employment and under color of law.  DOE is being sued in both his individual and official capacities.

5. Upon information and belief, Defendant SERGEANT EDWARD RUMMEL, was at all relevant times a supervising officer employed by the NYPD.  All actions by RUMMEL complained of herein were taken in the course of his employment and under color of law.  RUMMEL is being sued in both his individual and official capacities.

6. Upon information and belief, SENIOR PAROLE OFFICER CANDACE BENJAMIN, was at all relevant times a supervising parole officer employed by the New York State Department of Corrections and Community Supervision, whose duties included the parole supervision of Plaintiff.  All actions by BENJAMIN complained of herein were taken under color of law.  BENJAMIN is being sued in her individual capacity.

7. Upon information and belief, PAROLE OFFICER MARGARET WALLACE, was at all relevant times a supervising parole officer employed by the New York State Department of Corrections and Community Supervision, whose duties included the parole supervision of Plaintiff.  All actions by WALLACE complained of herein were taken under color of law.  WALLACE is being sued in her individual capacity.

8. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

9. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

10. A Notice of Claim was timely served upon NYC on June 2, 2015, within ninety days of March 31, 2015, the date of Plaintiff's release from custody, which is the New York State statutory date of accrual for the claims based upon false arrest and within ninety days of April 8, 2015, the date of the dismissal of all criminal charges which is the New York State statutory date of accrual for the claim of malicious prosecution.

11. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

### FACTS GIVING RISE TO THE CLAIMS

12. In 2014, PLAINTIFF was under the supervision of the Department of Correction and Community Supervision for a felony conviction that occurred in 2005.

13. At that time, PLAINTIFF was under the direct supervision of WALLACE.

14. On or about October 27, 2014, WALLACE and her direct supervisor BENJAMIN discussed conducting a home visit and search at PLAINTIFF's residence.

15. On October 27, 2014, at approximately 7:55 p.m., about six members of the Department Correction and Community Supervision, including BENJAMIN and WALLACE, entered PLAINTIFF's home to conduct a home search.

16. Shortly after entering the premises, PLAINTIFF was placed in handcuffs by one of the parole officers acting under BENJAMIN's supervision.

17. At all times that BENJAMIN and WALLACE were in the apartment, PLAINTIFF remained in handcuffs, was not free to move about and was guarded by

one or more parole officers under BENJAMIN's supervision.

18.  During the course of the search conducted by WALLACE and BENJAMIN, BENJAMIN found a quantity of photocopied $20 bills and confronted PLAINTIFF with them.

19.  The photocopies were on poor quality paper and contained neither watermarks nor security features visible on real currency.

20.  PLAINTIFF truthfully told BENJAMIN that the bills were fake and that his then 3 year old son used them as a plaything.

21.  Upon information and belief, BENJAMIN then called the 113th Precinct and asked that an officer be sent to the location to arrest PLAINTIFF.

22.  In response to the request for police assistance, BRUNO informed BENJAMIN that he and his sergeant would come to the apartment and effectuate the arrest.

23.  BRUNO and either OFFICER DOE or RUMMEL came to the apartment approximately one hour later.

24.  Defendant BRUNO placed PLAINTIFF under arrest for Criminal Possession of a Forged Instrument in the Third Degree, pursuant to New York Penal Law §170.20.

25.  On October 28, 2014, BENJAMIN signed a corroborating affidavit which permitted the complaint to be converted to a jurisdictionally sufficient information, allowing the prosecution to proceed.

26.  On or about October 28, 2014, PLAINTIFF was arraigned before the Criminal Court and bail was set at $500 cash or $1,000 bond; however, because of a

parole warrant, there was a hold on his release and PLAINTIFF remained in custody.

27. On February 5, 2015, BENJAMIN was the sole witness called by the prosecution to testify at a suppression hearing.

28. On or about February 23, 2015, prior to the court issuing a decision on the suppression hearing, a motion to dismiss the Forged Instrument charge was served and filed by PLAINTIFF's attorney.

29. The basis for the motion was the legal insufficiency of the charging instrument, as there was no allegation that PLAINTIFF's possession of the fake currency was with an intent to defraud, deceive or injure another, as required by the statute.

30. On March 9, 2015, by written decision, Justice Michelle A. Armstrong dismissed the charging instrument on the basis of legal insufficiency, specifically, the failure to allege the requisite intent.

31. Justice Armstrong stayed the sealing of the charges and allowed the prosecution thirty days to file a new charging instrument.

32. Although the charging instrument was dismissed, PLAINTIFF remained in custody because of the parole warrant.

33. On or about March 23, 2015, a parole revocation hearing was held at which it was determined that because PLAINTIFF had not engaged in any criminal conduct, he had not violated the terms of his parole.

34. All parole violation charges were dismissed and the parole warrant lifted on March 27, 2015.

35. Despite the fact that his release was ordered and that the maximum time

for his parole supervision expired on March 28, 2015, PLAINTIFF was held in custody until March 31, 2015.

36.	On or about April 8, 2015, because there was neither evidence nor any reasonable basis to believe that PLAINTIFF's possession of the fake currency was with an intent to defraud, deceive or injure another, the prosecution declined to file a new charging instrument and all records of the arrest and prosecution were sealed.

37.	Because of the false arrest and malicious prosecution, PLAINTIFF was in custody for 155 days.

## FIRST CLAIM
(False Arrest - §1983)

38.	Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39.	By arresting PLAINTIFF without legal authority, Defendants BRUNO, RUMMEL, BENJAMIN, WALLACE and DOE, individually and acting together, violated PLAINTIFF's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, the constitutional rights to be free from false arrest.

40.	By reason thereof, Defendants BRUNO, RUMMEL, BENJAMIN, WALLACE and DOE violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(False Arrest - Common Law)

41. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 40 of the Complaint as if incorporated and reiterated herein.

42. PLAINTIFF was unlawfully detained and arrested by BRUNO, RUMMEL, and DOE without probable cause.

43. Defendants BRUNO, RUMMEL and DOE caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

44. By reason thereof, and because Defendants BRUNO, RUMMEL, and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## THIRD CLAIM
(Malicious Prosecution - §1983)

45. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 44 of the Complaint as if incorporated and reiterated herein.

46. By commencing a proceeding in the absence of probable cause, Defendants BRUNO, RUMMEL, BENJAMIN, WALLACE and DOE intentionally engaged in a malicious prosecution in violation of PLAINTIFF's Fifth and Fourteenth Amendments to be free from prosecution without legal justification.

47. By reason thereof, Defendants BRUNO, RUMMEL, BENJAMIN,

WALLACE and DOE violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM
(Malicious Prosecution - Common Law)

48. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 47 of the Complaint as if incorporated and reiterated herein.

49. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants BRUNO, RUMMEL and DOE intentionally engaged in a malicious prosecution of PLAINTIFF.

50. By reason thereof, Defendants BRUNO, RUMMEL and DOE caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

51. By reason thereof, and because Defendants BRUNO, RUMMEL, and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the PLAINTIFF demands judgment against Defendants as follows:

    i) On the first claim, actual and punitive damages in an amount to be

    determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vi) Such other relief as the Court deems just and proper.

Dated: New York, New York
    March 17, 2016

            Goldberg & Allen, LLP
            Attorneys for PLAINTIFF

        By: _____
           Jay K. Goldberg [JG-1294]
           49 West 37th Street, 7th Floor
           New York, New York 10018
           (212) 766-3366